THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-cv-56-D

MARY MOORE and GARY THOMAS, JR., )
)
Plaintiffs )
)
v. )
)
SHERIFF JOHNNY BARNES, et al., )
)
Defendants )
)

**CONSENT PROTECTIVE ORDER REGARDING**
**STATE BUREAU OF INVESTIGATION FILE 2022-00751 (1062)**

The Plaintiff, the Defendants Sheriff Johnny Barnes, Jeffrey Aaron Edwards, Brian Mizelle, Kevin Alexander Phelps, Town of Plymouth, Ryan White, Willie Williams, along with the North Carolina State Bureau of Investigation (hereinafter "SBI"), through counsel, stipulate to the entry of this Protective Order allowing the release of SBI Investigative File No. 2022-00751 (1062) (regarding former Washington County Deputy Jeffrey Aaron Edwards ("Edwards") relating to claims of excessive use of force during the March 2, 2022 arrest of Gary Leon Thomas Jr. and Mary Gilliam Moore) that is the subject of this lawsuit. Counsel for Plaintiff, Defendants, and the SBI stipulate and agree to the following statements of facts which authorize the Court's entry of the Protective Order:

1. Plaintiff's counsel reviewed the file at the SBI office in Raleigh before filing suit and referred to its content in the pleading.

2. Responsive pleadings have been filed.

3. The SBI report referred to in the pleadings appears material and relevant to the subject matter involved in this matter.

4. The parties seek the release of the SBI investigation report in this matter for the parties' use in the lawsuit and at mediation.

5. This order governs the handling and disclosure of all materials from the SBI Report, once produced, that are used in the litigation or filed with the Court by any party to this action.

6. Definitions.

   a. "SBI Report" refers to the documents and other materials contained in SBI File No. 2022-00751 (1062) including any related laboratory reports and findings and any photographs or videos related to the investigation into Edwards' use of force during the March 2, 2022 arrest of Gary Thomas and Mary Moore.

   b. "Document" means any writing, drawing, graph, chart, recording, and any other document as defined in Rule 34 of the Federal Rules of Civil Procedure.

   c. Parties mean the Plaintiffs and any Defendant in this action.

7. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties in response to Plaintiffs' request for the following reasons:

   a. No policy reason exists for denial of the request of Plaintiff for production of these materials.

   b. There is no prejudice to the SBI by releasing this material.

   c. There are no identities of persons contained in the materials which need to be protected; and

2

d. Any criminal investigation which might have been the subject of this file has been concluded.

8. Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used ***for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.***

9. Access to and the use of the SBI Report and any part of it shall be limited to the following qualified persons/entities:

a. The parties and attorneys of record for the parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

b. A deponent in the action (during a deposition or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

c. Mediators;

d. Consultants and technical experts involved in the preparation of this action;

e. Court reporters, their transcribers, assistants and employees;

f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender such confidential document as an exhibit in order to elicit testimony relevant to the matters at issue in this case; and

3

g. Any presiding judge at any court proceeding and any jurors sworn as the triers of fact.

10. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

11. Counsel may make copies of material contained within the SBI Report for Plaintiffs' or Defendants' experts upon receiving from said experts *a written agreement* that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiffs' or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiffs' and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiffs' or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

12. The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action.

4

13. All information and materials derived from the SBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

14. Counsel for the parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

15. No material and documents contained within the SBI Report may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order, pursuant to LCvR 79.2 (Sealed Documents). All sealed and proposed documents shall be maintained electronically in CM/ECF unless otherwise ordered by the court, pursuant to LCvR 79.2 (a). A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 79.2 (b). A person desiring to file a document under seal must first file a motion seeking leave in accordance with Section V.G of the CM/ECF Policy Manual. Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i) The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii) How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(v) Whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal. Sealed documents shall be returned, destroyed, or disposed of in accordance with LCvR 79.2 (c).

16. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

17. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties or SBI of any claim of confidentiality, and the production of such materials or documents may or may not be admissible into evidence at the trial of this action The parties reserve all rights to object to the admissibility of such materials and information as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

18. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege or as attorney work product materials.

19. All original and copies of the SBI Report shall be returned to the SBI at the conclusion of this action, with a certification that no other copies exist, and that all copies have been duly returned in compliance with this Order.

20. Counsel will maintain a copy of the SBI file as part of their malpractice provider's file retention policy and in compliance with the North Carolina State Bar. In lieu of returning all copies, counsel will certify that all other copies have been destroyed (other than the copy retained to comply with file retention requirements above).

21. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**Ordered this 16 day of February, 2024.**

Robert B. Jones, Jr.
United States Magistrate Judge

**CONSENTED TO BY:**

*/s/ Benjamin Zellinger*
Benjamin Zellinger
N.C. Bar No. 37149
114 W. Edenton St.
Raleigh, NC 27603
Bzellinger@ncdoj.gov
Of Counsel, North Carolina State Bureau of Investigation

**Littlejohn Law PLLC**
*/s/ Micheal L. Littlejohn Jr*
Micheal L. Littlejohn Jr.
N.C. State Bar No. 49353
Post Office Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
mll@littlejohn-law.com
Counsel for Plaintiffs

**National Police Accountability Project**

*/s/ Lauren Bonds*
Lauren Bonds
1403 Southwest Blvd
Kansas City, KS 66103
Telephone: (620) 664-8584
legal.npap@nlg.org

*/s/ Keisha James*
Keisha James
PO Box 56386
Washington, DC 20040
Telephone: (202) 557-9791
keisha.npap@nlg.org

*/s/ Eliana Machefsky*
Eliana Machefsky
2111 San Pablo Avenue
PO Box 2938

Berkeley, CA 94702
Telephone: (314) 440-3505
fellow.npap@nlg.org
*Counsel for Plaintiffs*

**Womble Bond**
*/s/ Brian F. Castro*
Brian F. Castro
N.C. State Bar No. 53412
555 Fayetteville Street, Suite 1100
Raleigh, North Carolina 27601
Telephone: (919) 755-8135
Fax: (919) 755-2150
brian.castro@wbd-us.com
*Counsel for Defendants Sheriff Johnny Barnes and Brian Mizelle*

**Hartzog Law Group LLP**
*/s/ Dan McCord Hartzog*
Dan McCord Hartzog
N.C. State Bar No. 5648
2626 Glenwood Ave., Suite 305
Raleigh, NC 27608
dhartzogjr@hartzoglawgroup.com
*Attorney for Jeffrey Aaron Edwards*

**Hall Booth Smith, P.C.**
*/s/ Scott D. MacLatchie*
Scott D. MacLatchie
N.C. State Bar No. 22824
11215 North Community House Road Suite 750
Charlotte, NC 28277
SMaclatchie@HallBoothSmith.com
*Attorney for Kevin Alexander Phelps, Town of Plymouth, Ryan White, and Willie Williams*

9

Case 2:23-cv-00056-D-RJ   Document 44   Filed 02/16/24   Page 9 of 9