IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:23-CV-56-D

| | |
|---|---|
| MARY MOORE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| SHERIFF JOHNNY BARNES, *in his official capacity as Sheriff of Washington County, North Carolina*, et al., | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on non-party Jay Jewell's motion to quash the subpoena *ad testificandum* issued by Plaintiffs or alternatively for a protective order. [DE-55]. Plaintiffs filed a response in opposition, [DE-59], and the motion is fully briefed and ripe for decision. For the reasons that follow, the motion is allowed in part and denied in part.

I. **Background**

Non-party Jay Jewell, a retired member of the Washington County Sheriff's Office ("WCSO"), moves to quash Plaintiffs' deposition subpoena issued on October 4, 2024, or alternatively for a protective order prohibiting the deposition. Jewell argues that he was not properly or timely served with the subpoena and the discovery deadline has now expired. In response, Plaintiffs argue that Defendants caused the delay in issuing the subpoena and lack standing to assert objections that belong to Jewell.

On August 14, 2024, the court extended the discovery deadline to September 30, 2024 and the dispositive motions deadline to October 30, 2024. [DE-53]. On September 16, 2024, Plaintiffs' counsel informed defense counsel that they wanted to depose Jewell and sought

confirmation that defense counsel would represent Jewell and correspond with him regarding his availability on four dates prior to the close of discovery. [DE-56-3] at 4. Defense counsel responded that he contacted the WCSO regarding Jewell and would respond shortly regarding the request. *Id.* at 3. Plaintiffs' counsel sent a follow up email regarding scheduling Jewell's deposition a week later, on September 23, 2024, and again on September 30. *Id.* at 2–3. Defense counsel responded to the September 30 email, stating they had not yet successfully contacted Jewell but had obtained his contact information, which was provided for the purpose of issuing subpoenas, and that they would be defending any deposition. *Id.* at 2. Plaintiffs' counsel indicated they would subpoena Jewell and asked Defendants to agree to extend the discovery period or stipulate to the use of Jewell's testimony, and defense counsel responded that they would not object to the deposition being taken outside the discovery period if Plaintiffs would agree to a 45-day extension of the dispositive motions deadline. *Id.* Plaintiffs would not agree to extend the motions deadline, *id.* at 1, and Jewell filed the instant motion to quash or for a protective order.

## II. Discussion

Subpoenas issued to non-parties are governed by Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce a document and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 5919625, at *4 (E.D.N.C. Nov. 30, 2017).

2

The court must first address the issue of standing to challenge the subpoenas. "Generally, a party lacks standing to challenge a subpoena issued to a nonparty." *In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, 2024 WL 2950355, at *2 (E.D.N.C. June 11, 2024) (quoting *Artis v. Murphy-Brown LLC*, No. 7:14-CV-237-BR, 2018 WL 3352639, at *2 (E.D.N.C. July 9, 2018)). However, "where the challenging party has moved for a protective order, the court is permitted to consider its position on the merits." *Id.* (citing *EEOC v. Bojangles Restaurants, Inc.*, No. 5:16-CV-654, 2017 WL 2889493, at *4 (E.D.N.C. July 6, 2017)); Fed. R. Civ. P. 26(c) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken."). Plaintiffs argue that Defendants lack standing to move to quash the subpoena issued to a non-party, but Defendants did not move to quash the subpoena, Jewell did. *See* [DE-55] (Non-Party Jay Jewell's Motion to Quash Plaintiff's Subpoena *Ad Testificandum* and Motion for Protective Order). Accordingly, Plaintiffs' lack of standing argument fails.

Turning to the merits, Jewell argues that the subpoena should be quashed because it was not properly or timely served. [DE-56] at 4–5. Plaintiffs respond that they served Jewell on October 11, 2024, five days before the noticed deposition date but after the close of discovery, and the delay was caused by Defendants not timely responding to Plaintiffs' attempts to coordinate the deposition. [DE-59] at 2–4. Plaintiffs ask the court to allow them to reissue the subpoena to Jewell and take his deposition within sixty days but oppose extending the dispositive motions deadline due to the upcoming holidays. The court will quash the Jewell subpoena for deposition on October 16, 2024, because it was not timely served on Jewell prior to the close of discovery. *See Pannell v. Scruggs*, No. 1:18 CV 271, 2020 WL 8993133, at *1 (W.D.N.C. Feb. 12, 2020) ("[D]iscovery

3

subpoenas served following the close of court-enforced discovery are untimely.") (citing *Karagiannopoulos v. City of Lowell*, No. 3:05-CV-401-FDW-DCK, 2008 WL 948261, at *2 (W.D.N.C. Apr. 2, 2008)). However, the court finds good cause, based on Plaintiffs' diligence, to extend the discovery period to allow for Jewell's deposition, and the court also finds a concurrent extension of the dispositive motions deadline is appropriate.

Accordingly, for the reasons stated herein, the motion to quash or for protective order is allowed in part and denied in part. The parties shall work cooperatively to schedule Jewell's deposition to occur by no later than **November 7, 2024**; and all potentially dispositive motions shall be filed by no later than **December 9, 2024**.

SO ORDERED, the 17th day of October, 2024.

Robert B. Jones, Jr.
United States Magistrate Judge