IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:23-CV-00056-D

| | |
|---|---|
| **Mary Moore and Gary Thomas, Jr.,** | |
| Plaintiffs, | |
| v. | **Order** |
| **Sheriff Johnny Barnes, et al.,** | |
| Defendants. | |

United States Magistrate Judge Robert T. Numbers, II will hold a court-hosted settlement conference on Wednesday, November 19, 2025 beginning at 10:00 a.m.. The settlement conference will take place at the Terry Sanford Federal Building, located at 310 New Bern Ave. in Raleigh, North Carolina.

Counsel should read this order carefully as it contains several deadlines for action by counsel ahead of the settlement conference.

## I.      Purpose of Court-Hosted Settlement Conference

The purpose of this conference is to provide the parties with a structured opportunity to assess their risks, to evaluate settlement in a candid and informed way, and to explore creative resolutions with the assistance of the court. The court expects all participants to engage in good faith and with a genuine willingness to compromise.

## II.      Required Attendance

Everyone whose input or authority is necessary to resolve the case must be present at the settlement conference. It is important that the decision makers understand the other side's positions and the reasoning behind them.

If a natural person is a named party, that party must be present at the settlement conference.

If a corporation or other business entity is a named party, that party must send the person with full settlement authority and who can give binding instructions to the entity's counsel of record.

If a governmental entity is a party (either explicitly or through an official capacity claim against another defendant), the representative of the entity with principal responsibility for this

matter must attend. The representative must either have full settlement authority or can recommend settlement to the individual or body with final settlement authority.

A government representative who can only recommend settlement to an individual or body with final settlement authority must consult in advance with that individual or body. This consultation must include a review the factual and legal issues in the case, the range of potential settlement values based on a good-faith risk assessment and the costs of trial, and any non-monetary terms that have been demanded by another party or that the governmental entity may be willing to consider.

If an insurance company or other entity may be liable for part or all of a possible judgment or may be liable to indemnify or reimburse payments made to satisfy the judgment, a representative, other than outside counsel, who has full settlement authority must attend the settlement conference. This provision includes any excess carriers unless excused by the court.

Under this section, "full settlement authority" means the ability, without further consultation with another person or entity, to make decisions to settle the case for any amount up to the party's own good-faith valuation or the amount demanded by the opposing party, whichever is less, and to agree to non-monetary terms reasonably within the scope of the dispute. This person must be able to articulate, in detail, how the party came to its good-faith valuation of the case.

At least one attorney of record for each party must appear at the settlement conference. The attorney who attends should be fully informed about the case and the settlement-conference-related submissions that party made.

If a party or person wishes for the court to excused them from attending in person, they should promptly file a motion seeking that relief. The Court will not grant requests to excuse someone from appearing in person absent extraordinary circumstances. Distance of travel alone does not constitute an extraordinary circumstance.

## III.    Submission of Confidential Mediation Statement

No later than Friday, November 7, 2025, each party shall submit a confidential mediation statement to the court. The confidential mediation statement must the following items, each in a separate section:

1.    The facts you believe you can prove at trial (record citations are preferred but not required).

2.    The major weaknesses in your case, both factual and legal.

3.    The major weaknesses in the other side's case, both factual and legal.

4.    For each remaining claim:

    a.    Your assessment of the relative strength of each claim.

    b.    Your assessment of how you believe the other side views the strength of each claim.

c. Claims should be evaluated as follows:

    i. Weak – A less than 30% chance of prevailing.

    ii. Average – About a 50% chance of prevailing.

    iii. Strong – About a 65% chance of prevailing.

    iv. Exceptionally Strong – About an 80% chance of prevailing.

5. Assuming the defendant (or other party facing a claim) is found liable:

a. Your assessment of the lowest amount of damages the jury may award, a mid-range amount of damages the jury would award, and the highest reasonable amount of damages the jury would award

b. An explanation of your reasoning for each type of award.

c. For each type of award, your assessment of the probability of the jury returning a low, mid-range, or high award.

d. Your assessment of the other side's view of a low, mid-range, and high damages award, and its view of the probability of the jury awarding each type of award.

6. Your current assessment of the reasonable settlement range for this case based upon a good-faith risk assessment and the costs associated with trial. You should provide an explanation of the factors that helped you determine this range. You should also provide your estimate of the opposing party's likely settlement range and the basis for that estimate.

7. If an insurance company (or similar entity) may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

a. A brief overview of the insurance policy or policies implicated by the case.

b. A description of any policy provisions that are relevant to this case.

c. Whether the insurer has accepted coverage and a description of any disputes over coverage.

d. The policy limits applicable to this case.

e. Whether defense costs erode policy limits.

f. Any other insurance-related information pertinent to this case.

8. The history of any settlement negotiations to date.

9. The major obstacle to settlement as you perceive it.

10. Any motions (either pending or decided) that you believe the court should review before the settlement conference.

11. An estimate of attorney's fees and costs of litigation through trial.

12. If a party is seeking to recover attorney's fees, a detailed explanation of fees and costs incurred to date and information supporting the hourly rate claimed by each attorney.

13. Any other special issues that may have a material bearing on settlement discussions (e.g., outstanding liens, acrimonious relationships between counsel or parties, and so on.).

Your confidential settlement conference statement should come with a copy of any agreements, business records, photographs, or other documents critical to the case. If confidential mediation statement and the accompanying documents exceed 30 pages, you should send a courtesy copy of those documents to Judge Numbers at the address below.

The confidential settlement conference statement should not be long, but should contain enough information to be useful to Judge Numbers in analyzing the factual and legal issues in the case. The parties are encouraged to be candid in their assessment of the strengths and weaknesses of their respective cases. You should provide Judge Numbers with a clear and candid understanding of your and your client's actual evaluation of the case and where you believe the case should settle.

The confidential mediation statement **should not** be filed with the court or served on opposing counsel. Instead, you should submit it to chambers through email as a PDF attachment at Documents_USMJ_Numbers@nced.uscourts.gov. If a party is unable to submit the confidential mediation statement by email, you may send it through the United States Mail to:

United States Magistrate Judge Robert Numbers
PO Box 25670
Raleigh, N.C. 27611.

Counsel must also provide a copy of the confidential settlement memorandum to their clients and anyone participating in the settlement conference because they have full settlement authority (as defined above). You must distribute the memorandum at the same time you submit it at the court. All individuals who receive a copy of the settlement memorandum must read it before the settlement conference.

Failure to submit a settlement memorandum that discusses each of the items above may result in the postponement of the settlement conference.

## IV. Good Faith Settlement Negotiations Ahead of Settlement Conference

Settlement conferences are more successful when the parties have exchanged settlement offers. So the court orders the parties to actively discuss potential resolutions between now and the settlement conference.

If the parties have exchanged settlement offers, the party who last received an offer must make the first offer no later than 3 business days after the entry of this order. If the parties have not previously exchanged settlement offers or the parties disagree over who should make the first offer, the plaintiff must make a settlement offer no later than 3 business days after the entry of this order. The other party shall respond to the offer no later than 3 business days after it is made.

The party required by the prior paragraph to make the initial offer must make another offer no later than 3 business days after receiving the response. The other party must respond to the offer no later than 3 business days after it is made.

Settlement offers should be accompanied by a brief narrative explaining the factual and legal rationale for the figure. The narrative should be supported by at least one objective reference (e.g., comparable verdicts or settlements, economic data, or case law).

**The parties must send copies of these offers and responses to the court at Documents_USMJ_Numbers@nced.uscourts.gov.**

The parties are strongly encouraged to continue to exchange settlement offers ahead of the settlement conference.

All offers, both before and at the settlement conference, must be made in good faith. A good faith settlement offer recognizes that settlement of a case requires compromise by both sides. In most cases, a good faith demand is substantially different from what a party would receive on their absolute best day in court.

It is unlikely that a party is making an offer in good faith if they cannot articulate the reasoning behind their figure. Mere speculation that the jury will award an extreme sum does not meet this standard. Nor does mere bluster about prevailing on summary judgment or obtaining a defense verdict.

Parties should be able to provide concrete support for the offers they make. This will typically involve providing a damages calculation along with supporting documentation. When a settlement figure is based on something that cannot be supported by documents, an attorney should be able to specifically identify similar cases that support their assessment of a potential outcome. To the extent that a settlement offer is based on a party's confidence that they will prevail, they should be prepared to explain, in detail, the reason behind their belief.

If the parties have not complied with this section's requirements, the court may continue the conference, even if that means adjourning the settlement conference after everyone has gathered at the courthouse. The court may also impose sanctions on a party who does not comply with the requirement so this section.

## V.     Pre-Conference Call with the Court

The court may schedule a call with some or all the parties before the settlement conference. The purpose of this call is to answer questions, clarify issues, and address other preliminary matters

to ensure that the settlement conference is productive. Any party may also ask the court to hold a call before the conference by emailing Documents_USMJ_Numbers@nced.uscourts.gov.

## VI. Updated Documents

No later than 7 days before the settlement conference, counsel should provide counsel for the other parties with updated medical billing information, medical reports, economist reports, liability expert reports, vocational rehabilitation reports, and any other documents that may inform the other party's settlement position.

It is important to provide these documents before the settlement conference because often times counsel is reporting to clients, adjustors, or risk managers who need time to review and evaluate relevant information. These disclosures will help ensure the parties have accurately assessed the settlement value of the case.

If the parties have not complied with this section's requirements, the court may continue the conference, even if that means adjourning the settlement conference after everyone has gathered at the courthouse. The court may also impose sanctions on a party who does not comply with the requirement so this section.

## VII. Conduct of Court-Hosted Settlement Conference

At the beginning of the settlement conference, after remarks from Judge Numbers, all counsel must make a brief presentation (no longer than 10 minutes) focused on what is most important for the opposing party to understand regarding the presenting party's settlement position. When possible, counsel should begin by identifying one or more areas of agreement between the parties.

In making this statement, counsel should keep in mind that this proceeding is a settlement conference, not a closing argument. Your audience is the opposing party, not a neutral jury. The presentation should be largely informative, not argumentative.

The court will then separate the parties and counsel into different rooms for private discussions. The court may reconvene the parties in a joint session to address remaining barriers to settlement and explore creative solutions.

The settlement conference will continue until the matter either settles or Judge Numbers determines that there is no benefit to more negotiations at that time.

## VIII. Impact on Other Deadlines

The scheduling of the settlement conference does not toll or delay any pending deadlines unless the court explicitly enters a written order explicitly stating so. If a party believes that holding a deadline in abeyance until the settlement conference occurs would help the potential resolution of the case, the party should file a motion to that effect after conferring with opposing counsel.

**IX.     Confidentiality**

The settlement conference process will be confidential, and disclosure of confidential dispute resolution communications is prohibited.  *See* 28 U.S.C. § 652(d).

**X.     Futility of Court-Hosted Settlement Conference**

If either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (e.g., insufficient discovery, a pending motion, an inability to obtain settlement authority, client does not intend to participate in good faith), that party should contact the court as soon as possible to discuss their concern.

**XI.     Late Developments**

Plaintiff's counsel must notify the court if the case is settled or otherwise disposed of before the settlement conference.

**XII.     Sanctions**

If a party violates the terms of this order, the court may impose any sanction authorized by Federal Rule of Civil Procedure 37(b) and any other lawful sanction, including, but not limited to, the imposing of the cost of attorney's fees and expenses incurred by persons attending the conference.


Dated:  October 1, 2025

Robert T. Numbers, II
United States Magistrate Judge